UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA ,

         Plaintiff,

   v.

SARTAJ CHAHAL, et al.,

         Defendants.

NO. Cr. S-09-125 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Sartaj Chahal's ("Chahal") motion for a new trial.  The court heard oral argument on the motion on September 19, 2011, and by this order now renders its decision on the motion.

**BACKGROUND**

Chahal moves for a new trial, arguing his conviction was unlawfully obtained on tainted testimony, including: (1) government witness Surinder Pal Singh's ("Surinder") untruthful testimony about his methamphetamine use after his arrest (perjured testimony which the government failed to correct); (2) Surinder's false testimony that he was not

1

1  receiving anything from the government in return for his

2  testimony (which testimony was again not sufficiently corrected

3  by the government); and (3) government witnesses Rajdeep Singh's

4  and Hardeep Singh's incomplete testimony regarding their plea

5  agreements.  Chahal alternatively argues he is entitled to a new

6  trial based on a Brady violation by the government pertaining to

7  the disclosure of Surinder's positive drug test.  Brady v.

8  Maryland, 373 U.S. 83, 87 (1963).

9                            **STANDARD**

10      Federal Rule of Criminal Procedure 33(a) provides in

11  relevant part:  "The court may vacate any judgment and grant a

12  new trial if the interest of justice so requires."  The Ninth

13  Circuit has emphasized that a motion for new trial should only be

14  granted in exceptional cases in which the evidence preponderates

15  heavily against the verdict.  United States v. Rush, 749 F.2d

16  1369, 1371 (9th Cir. 1984).  The burden of justifying a new trial

17  rests with the defendant.  United States v. Shaffer, 789 F.2d

18  682, 687 (9th Cir. 1986).

19      Under Rule 33(b)(2), a defendant must file a motion for a

20  new trial "grounded on any reason other than newly discovered

21  evidence" within 14 days after the verdict or finding of guilt.

22  Here, the jury returned guilty verdicts against Chahal on April

23  20, 2010.  Chahal did not file the instant motion until July 11,

24  2011.  Thus, unless Chahal's motion is truly "grounded" on "newly

25  discovered evidence," his motion is untimely and the court lacks

26  jurisdiction to hear it.  United States v. Lara-Hernandez, 588

27  F.2d 272, 275 (9th Cir. 1978).  Any motion grounded on newly

28  discovered evidence may be filed within 3 years after the verdict

                               2

1  or finding of guilty.  Fed. R. Crim. P. 33(b)(1).

2                               **ANALYSIS**

3      **1.    <u>Timeliness of Motion</u>**

4      In response to the motion, the government first argues the

5  motion should be denied because the at-issue evidence is not

6  "newly discovered."  Regarding Surinder's positive drug test, the

7  results were disclosed to the defense on April 21, 2010, the day

8  after trial concluded.  The government argues that because the

9  disclosure was made within the initial 14 day period prescribed

10 by the Rule, the evidence should not be deemed newly discovered.

11 Fed. R. Crim. P. 33(b)(2) (providing that "any motion for a new

12 trial grounded on any reason other than newly discovered evidence

13 must be filed within 14 days after the verdict or finding of

14 guilty").  As to Surinder's testimony regarding his plea

15 agreement, the government emphasizes that the testimony was given

16 during trial on April 13, 2010, and Surinder's plea agreement and

17 <u>Jenks</u> statements were turned over to the defense prior to trial.

18 Similarly, witnesses Rajdeep and Hardeep Singh testified during

19 trial (on April 12, 13 and 14, 2010), and their plea agreements

20 and <u>Jenks</u> statements were turned over to the defense prior to

21 trial.

22     Evidence is considered "newly discovered" if it was

23 disclosed *after* the time of trial.  <u>United States v. Kulczyk</u>, 931

24 F.2d 542, 548 (9th Cir. 1991); <u>United States v. Krasny</u>, 607 F.2d

25 840, 843 (9th Cir. 1979).  Here, the above facts are not in

26 dispute.  Thus, as to Chahal's arguments regarding Surinder,

27 Rajdeep and Hardeep's plea agreement testimony, the motion is

28 untimely.  Said testimony occurred *during* trial and all relevant

                                  3

1  information pertaining to their plea agreements was provided to

2  the defense *prior* to trial.  Accordingly, the evidence is not

3  newly discovered, and the court must deny Chahal's motion for a

4  new trial to the extent it raises issues pertaining these

5  witnesses' plea agreement testimony.  Because the motion was

6  untimely filed on that issue, the court is without jurisdiction

7  to hear it.  Lara-Hernandez, 588 F.2d at 275.

8      However, as to the disclosure of Chahal's positive drug

9  test, the government received the results on April 19, 2010, a

10 day prior to the conclusion of trial.  The government did not

11 disclose the information to the defense until April 21, 2010--the

12 day after trial concluded on April 20.  As such, the disclosure

13 occurred *after* the time of trial (albeit by only one day), and

14 the court must therefore consider the evidence newly discovered.

15 The plain language of the Rule does not support any other

16 conclusion.  A 14 day period is prescribed for any motion not

17 grounded on newly discovered evidence.  The Rule does not define

18 "newly discovered evidence," and it does not state, as the

19 government argues, that any evidence disclosed 14 days after

20 trial shall not be considered "newly discovered."  Indeed, case

21 law interpreting Rule 33 has consistently held that "newly

22 discovered" means simply any evidence "discovered after the

23 trial."  See e.g. Krasny, 607 F.2d at 843.  The government fails

24 to cite, nor is the court aware of, any case where evidence was

25 not treated as newly discovered because disclosed within 14 days

26 of trial.  Here, because the government disclosed the results of

27 Surinder's drug test after the trial concluded, the evidence is

28 "newly discovered," and pursuant to Rule 33(b)(1), Chahal had 3

4

1  years in which to bring a motion for a new trial based on that

2  evidence.  The instant motion, filed approximately 15 months

3  after trial, is timely.

4  **2.    Merits of Motion re: Surinder's Positive Drug Test**

5  On the merits of Chahal's motion, again the parties do not

6  dispute the relevant facts.  On April 13, 2010, Surinder

7  testified that he had not used any drugs since the time of his

8  arrest.  Yet, on April 13, 2010, he provided a urine sample to

9  Pretrial Services over the lunch hour which later tested positive

10 for methamphetamine, amphetamine and hydrocodone.  Chahal

11 concluded his trial testimony that afternoon.  The results of the

12 urine test were thereafter disclosed to the government on April

13 19, 2010, the day before the trial concluded on April 20.  The

14 government disclosed the results of the test to Chahal's counsel

15 on April 21.

16 To prevail on a claim that the government failed to correct

17 testimony that it later learns is perjured, the defendant must

18 show that: (1) the testimony was actually false; (2) the

19 prosecution knew or should have known that the testimony was

20 actually false; and (3) the false testimony was material.

21 United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir. 2003).

22 Here, Chahal's motion fails as he cannot establish the second or

23 third elements of the test.

24 At the time of Surinder's testimony on April 13, the

25 government did not know nor could it have known that Surinder's

26 testimony was false.  It only first became aware of that fact on

27 April 19.  Moreover, even if the government had an obligation to

28 disclose the evidence on April 19, prior to the conclusion of

5

trial, Chahal cannot establish that the false testimony was "material." Materiality must be evaluated in the "context of the entire record." <u>United States v. Agurs</u>, 427 U.S. 97, 112 (1976). "If there is no reasonable doubt about guilt whether or not the additional evidence is considered, there is no justification for a new trial." <u>Id.</u> On the other hand, if the verdict is already of questionable validity, additional evidence of relatively minor importance might be sufficient to create a reasonable doubt." <u>Id.</u>

In this case, the additional evidence of Surinder's positive drug test could not have altered the result of the trial because the government presented overwhelming evidence of Chahal's guilt on both counts of conspiracy to distribute and possess with intent to distribute MDMA (21 U.S.C. §§ 841(a)(1), 846) and possession with intent to distribute MDMA (21 U.S.C. § 841(a)(1)), including:

    (1)   Testimony from witnesses Lai Tai Saechao ("Saechao"), Ramandeep Sandhu ("Sandhu"), and Rajdeep and Hardeep Singh who all provided direct, inculpatory evidence of Chahal's leadership of the MDMA trafficking conspiracy.[1]

---

[1] For example, Rajdeep Singh testified he stored and distributed MDMA for Chahal. After receiving MDMA from Chahal, Rajdeep testified he would then distribute 50,000 to 100,000 MDMA pills to a DEA confidential source (Saechao) and other drug traffickers in the Eastern District of California and elsewhere. Rajdeep testified he enlisted the help of Surinder and Hardeep to store and distribute MDMA in the Elk Grove area. Hardeep testified about trips to Los Angeles and Tracy where he met with Chahal and delivered money to him derived from the MDMA sales. Saechao testified that he regularly obtained large quantities of MDMA from Rajdeep, Surinder and Hardeep. On one occasion, Saechao testified he met with Chahal and Rajdeep concerning an

(2)   These witnesses also provided independent corroboration

of Surinder's testimony because many of the

conspiracy's events were experienced by more than one

member.  For example, Hardeep testified about multiple

trips to drop drug money off to Chahal in Los Angeles

and Tracy while traveling with Surinder.  Similarly,

Rajdeep and Sandhu testified about Surinder's

involvement in assisting the distribution of Chahal's

MDMA and the collection of the MDMA proceeds.

(3)   Also, Chahal's own inculpatory words and conduct during

a recorded and surveilled meeting with Rajdeep on

January 20, 2009, provided additional damaging evidence

in support of Chahal's convictions.  In this meeting,

Chahal told Rajdeep that he had spoken with the

Canadian MDMA suppliers and the suppliers believed

Chahal and Rajdeep owed them for the loss of 140,000

MDMA pills seized by the government in 2008.  Chahal

stated that the suppliers said he and Rajdeep could pay

back the drug debt in slow increments.  Chahal added

that there was more MDMA due to arrive in California at

the end of January.

---

alleged dispute he had over the quality of the pills; Saechao
testified that Chahal exercised authority to decide if Saechao
would receive a refund.  Finally, Sandhu testified that he was a
talented field hockey player when Chahal recruited him into the
world of drug trafficking.  At Chaal's urging, Sandhu agreed to
distribute large quantities of MDMA for Chahal, sometimes picking
up shipments from Rajdeep and other times delivering shipments to
Rajdeep, Surinder and Hardeep.  Significantly, Sandhu also
testified to a number of drug dealings with Chahal in 2009, *after*
the arrest of certain of the co-defendants in November 2008.

(4)   A federal search warrant at Chahal's residence

uncovered a large amount of currency[2] consistent with

drug trafficking proceeds.

These overlapping layers of corroborating evidence diminish the importance of a positive drug test by Surinder.  <u>See e.g.</u> <u>United States v. Gilbert</u>, 668 F.2d 94 (2nd Cir. 1981) (recognizing that additional evidence tending to further impeach the credibility of a witness, whose character is already shown to be questionable, is not likely to alter the outcome of a trial with overwhelming evidence of guilt).  Like in <u>Gilbert</u>, here, the jury could have disbelieved Surinder's testimony entirely[3] and nonetheless convicted Chahal on the basis of evidence from other sources.

It is also noteworthy that in this case Chahal's defense was primarily a legal one--that he engaged in the charged drug trafficking because he was acting under the authority of government ICE agents (the so-called "public authority" defense). Due to that defense, Chahal did not vigorously challenge the testimony of the various cooperating co-defendants, including Surinder, who testified against him.  Thus, Chahal's argument now, that Surinder's positive drug test would have proved to be critical impeachment evidence rings hollow.  At the time of trial, in large part, Chahal chose to not challenge the factual

---

[2]    ($24,790 in $100s, $50s, and $20s hidden under the bathroom sink in the master bedroom)

[3]    Indeed, Surinder admitted to extensive past drug use and freely acknowledged his varied criminal acts, including his significant participation in the drug conspiracy at issue in this case.

8

accounts of the government witnesses. He cannot now, through a
new trial motion, change the theory of his case. See United
States v. Olender, 338 F.3d 629, 636 (6th Cir. 2003) ("A party
who desires to present his case under a different theory in which
facts available at the original trial now first become important,
will not be granted a new trial.") (internal citations omitted).

Ultimately, because there is "no reasonable doubt about
guilt [in this case] whether or not the additional evidence [of
Surinder's drug test] is considered," there is no justification
for a new trial and Chahal's motion must be denied. Agurs, 427
U.S. at 113.

**3.    Alleged Brady Violation**

Finally, as to Chahal's alternative argument under Brady, to
receive a new trial because of a Brady violation, a defendant
must show: "(1) the evidence was exculpatory or impeaching;
(2) it should have been, but was not produced; and (3) the
suppressed evidence was material to his guilt or punishment."
United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).
Here, the government concedes the evidence of Surinder's positive
drug test is impeachment evidence relating to a government
witness, and Chahal is correct that the evidence was not timely
produced for Brady purposes. See Cone v. Bell, 129 S.Ct. 1769,
1783 n. 15 (2009). The government received the information on
April 19 and could have produced the results to the defense prior
to the conclusion of trial on April 20, but it did not.

However, the failure to timely disclose the results is not
determinative of the issue because the evidence was not material.
"Evidence is material under Brady only if there is a reasonable

9

probability that the result of the proceeding would have been different had it been disclosed to the defense." Id. In this case, the evidence was not ultimately material to the finding of guilt. Surinder testified about his prior, regular drug use. Any further evidence of his *continued* drug use, had it been timely disclosed to the defense, would not have added significant impeachment material considering, as described above, the overwhelming, independent evidence of Chahal's guilt presented at trial. See United States v. Inzunza, 638 F.3d 1006, 1021 (9th Cir. 2011) (finding duplicate grounds for impeachment not material under Brady). Accordingly, the court cannot find a Brady violation in the government's failure to timely disclose the results of Surinder's drug test.

**CONCLUSION**

For all of the foregoing reasons, Chahal's motion for a new trial is DENIED. The sentencing hearing is confirmed for September 30, 2011.

IT IS SO ORDERED.

DATED: September 23, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE